UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-62067-CIV-COHN/SELTZER

RONALD W. KUCZYNSKI,

Plaintiff,

vs.

LYRA MANAGEMENT, INC.,

Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT, DENYING PLAINTIFF'S MOTION TO STAY, AND DENYING MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant's Motion for Partial Summary
Judgment as to Count II of the First Amended Complaint [DE 21] ("Motion for Partial
Summary Judgment"), Plaintiff's Motion to Stay [DE 29], and Plaintiff's Motion for Leave
to File Second Amended Complaint [DE 33] ("Motion for Leave").  The Court has
carefully considered the Motion for Partial Summary Judgment, Plaintiff's Memorandum
in Opposition to Defendant's Motion for Partial Summary Judgment as to Count II of the
First Amended Complaint [DE 31] ("Response"), Defendant's Reply in Support of
Defendant's Motion for Partial Summary Judgment [DE 37], the Motion to Stay,
Defendant's Response to Plaintiff's Motion to Stay [DE 35], Plaintiff's Reply in Support
of Motion to Stay [DE 40], the Motion for Leave, Defendant's Response to Plaintiff's
Motion for Leave to File Second Amended Complaint [DE 36], and is otherwise fully
advised in the premises.

## I. BACKGROUND

On May 11, 2005, Defendant Lyra Management, Inc. ("Defendant") hired Plaintiff Ronald W. Kuczynski ("Plaintiff") as its president.  The employment relationship between Plaintiff and Defendant lasted for nearly two years, at which point Plaintiff resigned.  A few months later, on June 22, 2007, Defendant filed an action against Plaintiff in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida ("the state court action") seeking both injunctive relief and damages as a result of Plaintiff starting a competing company after he left Lyra Management, Inc.  Plaintiff thereafter filed a counterclaim alleging breach of an oral severance agreement.

Eighteen months later, on December 23, 2008, Plaintiff filed a complaint in this Court alleging that Defendant violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  Plaintiff subsequently filed his First Amended Complaint adding a claim alleging Defendant also violated his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

On May 6, 2009, Defendant filed its Motion for Partial Summary Judgment, arguing that Plaintiff was not an "eligible employee" under the FMLA.  Defendant contends that because Plaintiff was not an eligible employee under the FMLA, Plaintiff could not have any rights under the FMLA.  Thus, Defendant argues, if Plaintiff had no rights under the FMLA, Defendant could not have violated them.

On May 26, 2009, Plaintiff moved for, and the Court granted, an extension to file a response to the Motion for Partial Summary Judgment.  On July 9, 2009, one day before the extended deadline for Plaintiff to file his response to the Motion for Partial Summary Judgment, Plaintiff filed a Motion to Stay.  In the Motion to Stay, Plaintiff

2

argued that this Court should stay the present case because the state court action was filed first and could affect the outcome of the federal case.

Without ruling on the Motion to Stay, the Court ordered Plaintiff to file a response to the Motion for Partial Summary Judgment by July 17, 2009. Plaintiff complied with the Court's order and argued that he was an eligible employee under the FMLA. Plaintiff further argued that even if he was not an eligible employee under the FMLA, Defendant should be "equitably estopped" from asserting a defense predicated on Plaintiff's status, or lack thereof, as an eligible employee.

## II. DISCUSSION

### A. Standard of Review

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed.

3

R. Civ. P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

## B. The Worksite Requirement

 To obtain relief arising from the FMLA, a plaintiff must establish that he is a statutorily authorized "eligible employee."  See 29 U.S.C. § 2611.  Section 2611(2)(B)(ii) excludes from the definition of "eligible employee" "[a]ny employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50."  This requirement is referred to commonly as the "worksite requirement."  Morrison v. Amway Corp, 323 F.3d 920, 922 (11th Cir. 2003).

Defendant, in its Motion for Partial Summary Judgment and the attachments thereto, has provided record evidence that Defendant did not employ 50 or more

employees within 75 miles of Plaintiff's worksite.[1]  Plaintiff, in his Statement of Material

Facts as to Which There Exists Genuine Issues To Be Tried [DE 32] disputes that

Defendant never employed the requisite number of employees.  Plaintiff's only

evidence disputing Defendant's contention is a letter dated January 8, 2007 wherein

Plaintiff's agent, an outsourced human resources company, informed Plaintiff that he

was eligible for leave under FMLA ("the January 8, 2007 letter").  Based solely on the

January 8, 2007 letter, "it is Plaintiff's position that Defendant employed the requisite

number of employees under the FMLA."  DE 32 at 1.  Essentially, Plaintiff contends an

inference can be drawn from the January 8, 2007 letter and offers that inference as its

sole evidence of a disputed fact.

        An inference, however, is not a "specific fact[] showing a genuine issue for trial."

Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.  Because Plaintiff has had an ample

opportunity to conduct discovery, Plaintiff must come forward with *affirmative* evidence

to survive Defendant's Motion for Partial Summary Judgment.[2]  See Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 257 (1986).  Plaintiff has provided no affirmative evidence.

Thus, the Court will grant Defendant's Motion for Partial Summary Judgment.

---

        [1] Defendant provided an affidavit from a member of its board of directors.  The affiant averred that at no time has Defendant employed more than 28 employees within 75 miles of Plaintiff's worksite.

        [2] Plaintiff worked as the president of Defendant Lyra Management, Inc. Thus, Plaintiff had not only the opportunity to conduct discovery, but also had extensive personal knowledge of Defendant's operations.  Consequently, if Defendant employed more than 50 people within 75 miles of Plaintiff's worksite, Plaintiff should be able to provide more than an inference to support that fact.

## C. Equitable Estoppel

Plaintiff argues that even if he is not an eligible employee under the FMLA, the Court should estop Defendant from raising the worksite requirement as a defense to Plaintiff's FMLA claim.  Specifically, Plaintiff contends that the July 8, 2007 letter represented to him that he was an eligible employee, that he reasonably relied on that representation, and that he was damaged by relying on that representation.  Plaintiff, therefore, satisfies the elements of equitable estoppel.  See Heckler v. Cmty. Health Servs. of Crawford County, Inc., 467 U.S. 51, 59 (1984).

The Eleventh Circuit, however, has never decided whether the doctrine of equitable estoppel may be applied to prevent a defendant from contesting whether a plaintiff is an eligible employee under the FMLA.  Moreover, the undersigned has already decided that "[a]bsent a directive from the Eleventh Circuit, this Court declines to apply the doctrine."  Pennant v. Convergys Corp., 368 F. Supp. 2d 1307, 1313 (S.D. Fla. 2005) (Cohn, J.).  The Court, therefore, declines to apply equitable estoppel to prevent Defendant from showing Plaintiff is not an eligible employee under the FMLA.

## D. Motion to Stay

Plaintiff argues that the Court should stay the present action until the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida resolves his counterclaim in the state court action.  Plaintiff's counterclaim alleges that the parties reached an oral severance agreement when Plaintiff resigned.  Plaintiff contends that the severance agreement provided, among other things, that the Defendant would pay Plaintiff "a one-time payment of $175,000 in exchange for surrender of his stock in

6

Defendant and the parties would concurrently therewith execute mutual releases of any and all claims."  Motion to Stay at 3.  Plaintiff alleges that Defendant breached the oral severance agreement.

Because the oral severance agreement required Plaintiff to release any and all claims against Defendant, Plaintiff argues that the disposition of the state court case could bar Plaintiff's claims in the federal action.  The Plaintiff, however, has not indicated that he seeks specific performance of the oral severance agreement.  Indeed, neither party provided this Court with a copy of the pleadings from the state court action.  Consequently, the Court's recitation of the procedural posture, as well as the parties' allegations, is based solely on the parties' representations in the Motion to Stay and the Response to the Motion to Stay.  Based on the record before this Court, there is no indication how resolution of the state court action would affect the present pending motions. Consequently, the Court declines to stay the present action.

### E. Motion for Leave to File Second Amended Complaint

Plaintiff seeks "to amend his complaint further to plead the alternative theory of equitable estoppel as to Defendant's defense that the Plaintiff is not an 'eligible employee' under the FMLA."  Motion to Stay at 2.  Rule 15(a) of the Federal Rules of Civil Procedures provides that a party may amend its pleading "by leave of court or by written consent of the adverse party" and that "leave shall be freely given when justice so requires."  In construing Rule 15(a), the Supreme Court has held that

> [i]n the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, *futility of amendment*, etc.–the leave sought should, as the

rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962) (emphasis added).  Here, as demonstrated by the Court's analysis in section II.C. above, amendment would be futile.  Again, absent express direction from the Eleventh Circuit Court of Appeal, this Court declines to apply equitable estoppel to prevent a defendant from raising the "eligible employee" defense to an FMLA claim.  Thus, the Court will not grant Plaintiff's Motion for Leave to File Second Amended Complaint.

III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.   Defendant's Motion for Partial Summary Judgment as to Count II of the First Amended Complaint [DE 21] is **GRANTED**;

2.   Plaintiff's Motion to Stay [DE 29] is **DENIED**; and

3.   Plaintiff's Motion for Leave to File Second Amended Complaint [DE 33] is **DENIED** as futile.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 13th day of August, 2009.

JAMES I. COHN
United States District Judge

Copies provided to all counsel of record on CM/ECF.