UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-62067-CIV-COHN/SELTZER

RONALD W. KUCZYNSKI,

        Plaintiff,

vs.

LYRA MANAGEMENT, INC.,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT I OF THE FIRST AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment as to Count I of the First Amended Complaint [DE 48] ("Motion for Summary Judgment").  The Court has carefully considered the Motion for Summary Judgment, Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment as to Count I of the First Amended Complaint [DE 65] ("Response"), Defendant's Reply in Support of Defendant's Motion for Summary Judgment [DE 69] ("Reply"), and is otherwise fully advised in the premises.

### I. BACKGROUND

On May 11, 2005, Defendant Lyra Management, Inc. ("Lyra" or "Defendant") hired Plaintiff Ronald W. Kuczynski ("Plaintiff") as its president.  The employment relationship between the parties lasted for nearly two years, at which point Plaintiff and Defendant parted ways.  A few months later, on June 22, 2007, Defendant filed an action against Plaintiff in the Circuit Court of the 17th Judicial Circuit in and for Broward

County, Florida seeking both injunctive relief and damages as a result of Plaintiff starting a competing company after he left Lyra. Plaintiff filed a counterclaim alleging breach of an oral severance agreement.

Eighteen months later, on December 23, 2008, Plaintiff filed a complaint in this Court alleging that Defendant violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Specifically, Plaintiff alleges that Defendant terminated him because he is HIV positive. Plaintiff subsequently filed his First Amended Complaint adding a claim alleging Defendant also violated his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

On May 6, 2009, Defendant filed its Motion for Partial Summary Judgment as to Count II of the First Amended Complaint [DE 21] ("Motion for Partial Summary Judgment"), arguing that Plaintiff was not an "eligible employee" under the FMLA. On August 13, 2009, the Court granted Defendant's Motion for Partial Summary Judgment. See DE 41. Consequently, only Plaintiff's claim for violation of the ADA remains.

Defendant now moves for summary judgment on the ADA claim.

## II. DISCUSSION

### A. Standard of Review

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (citations omitted).

**B. Disputed Issues of Material Fact Exist**

The ADA prohibits employers from discriminating against "a qualified individual with a disability" based on the disability with regard to job application procedures, hiring, advancement, compensation, job training, discharge, or other terms and conditions of employment.  42 U.S.C. § 12112(a).  A plaintiff may prove a claim of intentional

discrimination through direct evidence, circumstantial evidence, or through statistical proof.  See Burke-Fowler v. Orange County, Fla., 447 F.3d 1319, 1322-23 (11th Cir. 2006); Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).  To establish a prima facie case of discrimination under the ADA, a plaintiff must prove that (1) he has a disability, (2) that he is a qualified individual, and (3) that he was subject to unlawful discrimination because of his disability.[1]  Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000).  A Plaintiff may prove discrimination by direct or indirect evidence.

Here, Plaintiff offers no direct evidence of discrimination.  When a plaintiff attempts to prove discrimination with indirect or circumstantial evidence, the Court applies a burden-shifting framework.  See generally McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Under the burden-shifting framework, a plaintiff must first establish a prima facie case of discrimination.  Id. at 802.  Presenting a prima facie case is not onerous as it requires only that the plaintiff establish facts adequate to permit an inference of discrimination.  Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (citations omitted).

If a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to show a non-discriminatory reason for the challenged employment action.  McDonnell Douglas, 411 U.S. at 802.  If the defendant fails to show a non-discriminatory reason for the challenged employment action, the plaintiff prevails.  See

---

[1] The ADA defines a "qualified individual with a disability" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).

id. If, however, the defendant offers a legitimate, non-discriminatory reason for the employment action, the burden shifts back to the plaintiff. Id. The plaintiff must then prove, by a preponderance of the evidence, that discriminatory intent motivated the employer's action. Id. The plaintiff may prove such discriminatory intent by demonstrating that the employer's non-discriminatory reason is merely pretextual. Id. at 804.

Defendant, in its Motion for Summary Judgment, contends that Plaintiff has failed to set forth a prima facie case of discrimination because he has not produced evidence that he was subject to unlawful discrimination because of his disability. See Motion for Summary Judgment at 6. "Whether a prima facie case of discrimination has been shown in any given situation is essentially a factual question." Goldstein v. Manhattan Indus., Inc., 758 F.2d 1435, 1443 (11th Cir. 1985). "The inquiry is whether an ordinary person could reasonably infer discrimination from the facts shown if those facts remain unrebutted." Id. On summary judgment, the Court "must draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

First, Defendant argues that it never terminated Plaintiff. Rather, Defendant maintains that Plaintiff resigned. If Plaintiff resigned, reasons Defendant, Defendant could not have discharged him for discriminatory reasons.

Plaintiff, however, submitted an affidavit where in he averred that he "did not resign from [his] employment with Defendant." DE 66-6 at 2 ("Plaintiff's Affidavit").

5

Plaintiff also avers in his affidavit that on or about March 12, 2007, he attended a meeting at the Fort Lauderdale offices of Defendant's attorneys Berger Singerman wherein he entered into an oral severance agreement with Defendant that provided, among other things, that he "would be terminated without cause." Id. at 2-3.

Supreme Court precedent makes clear that Plaintiff's Affidavit creates a material issue of disputed fact regarding whether he resigned or was terminated. Indeed, in Anderson, the Supreme Court made the following statement:

> Our holding that the clear-and-convincing standard of proof should be taken into account in ruling on summary judgment motions does not denigrate the role of the jury. It by no means authorizes trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.

Anderson, 477 U.S. at 255.[2]

---

[2] To support its contention that Plaintiff resigned, rather than was terminated, Defendant points to a "Termination Form" submitted to Oasis Outsourcing on March 16, 2007. DE 48-7 at 2. The Termination Form, completed by Patricia Smith, Plaintiff's assistant, indicates that Plaintiff's termination was "voluntary" and a "resignation." Id. Additionally, Defendant points to a March 16, 2007 letter authored by Plaintiff and addressed to "My Friends and Colleagues." DE 48-8 at 2. The March 16, 2007 letter states, among other things, that "I am sad to announce that I will be leaving Lyra Management effective March 16, 2007. I have made this difficult decision due to several circumstances that are out of my control, and I assure you all that it was a decision that was very difficult for me to make." Id. Lastly, Defendant points to Patricia Smith's own resignation letter which references Plaintiff's resignation. DE 48-9 at 2 ("Ms. Smith's Letter") ("My position with Lyra was assistant to the Present [sic] and since [Plaintiff] has resigned as such, and I have not been given written or verbal direction as to my current position with the company, I feel that my services are no longer required.").

Plaintiff, in his Response, contends that the Termination Form is not probative because Ms. Smith submitted a second Termination Form later the same day that indicates Plaintiff was "[T]erminated by board of directors, notice given." Response at 6. The second termination form is not part of the record in this case. Rather, Plaintiff

Alternatively, Defendant argues that Plaintiff cannot set forth a prima facie case of discrimination because Defendant had no knowledge, prior to Plaintiff's allegations of discrimination, that Plaintiff was HIV positive.  Indeed, all three members of Defendant's Board of Directors averred in affidavits that they did not know the Plaintiff was HIV positive until Plaintiff filed his discrimination claim.  See DE 48-3.

Defendant asserts that if it did not know about Plaintiff's disability, Defendant could not possibly have discriminated against Plaintiff because of his disability.  See, e.g., Fisher v. Trinova Corp., No. 96-3918, 1998 WL 774111, at *4-5 (6th Cir. Oct.13, 1998) (holding that an HIV-positive employee who failed to demonstrate that his employer had knowledge of his HIV-positive status did not establish a prima facie case of discrimination); see also Hedberg v. Ind. Bell Tel. Co., 47 F.3d 928, 932 (7th Cir. 1995) ("At the most basic level, it is intuitively clear when viewing the ADA's language in a straightforward manner that an employer cannot fire an employee 'because of' a disability unless it knows of the disability."); Volmar v. Cold Spring Hills Ctr. for Nursing and Rehab., No. 07-CV-1418, 2009 WL 2984194, at *5 (E.D.N.Y. Sept. 14, 2009) (holding HIV-positive employee failed to establish a claim of disability discrimination

---

points to an affidavit executed by Ms. Smith wherein she avers that "[u]pon review of the form submitted I submitted [sic] on Plaintiff's behalf, I was advised by Plaintiff that I incorrectly indicated that he had resigned from Defendant, whereupon I resubmitted the form indicating his termination by the Board."  DE 66-4 at 3.  As to the Plaintiff's open letter, the Court finds the letter does not shed any light on the circumstances surrounding Plaintiff's departure from Lyra Management.  As to the letter from Plaintiff's assistant, the Court recognizes that Plaintiff's assistant may not have been privy to, or fully understood, the relationship of the parties.  Regardless, Plaintiff's Affidavit, along with other affidavits in the record, require the fact-finder to make credibility determinations in this case.  As explained above, the law forbids the Court from making such determinations at the Summary Judgment stage.

under the ADA when there was no evidence that her employer knew of her HIV-positive status); Solorio v. Am. Airlines, Inc., No. 00-3780-CIV, 2002 WL 485284, at *7 (S.D. Fla. Feb. 28, 2002) ("That [the decision-making employer] did not know [Plaintiff's] HIV status only buttresses the argument that [the employer] acted in good faith and without a discriminatory motive."); Dutson v. Farmers Ins. Exch., 815 F. Supp. 349, 352 (D. Ore. 1993) (holding that where there was no evidence that an employer knew of its employee's being HIV-positive, the employer could not have illegally discriminated against the employee), aff'd without op., 35 F.3d 570 (9th Cir. 1994).

Plaintiff's Affidavit, however, states that "[d]uring the time of my employment with Defendant . . . I advised at least two of the officers/directors of the corporation . . . of my HIV status on separate occasions." Plaintiff's Affidavit at 1. The parties' affidavits, therefore, present conflicting evidence which cannot be resolved at the summary judgment stage. Plaintiff has presented a disputed issue of material fact regarding whether he has established a prima facie case of discrimination prohibited by the ADA. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Because disputed issues of material fact exist regarding whether Plaintiff has established a prima facie case of discrimination, the burden shifts to Defendant to offer a non-discriminatory reason for taking the allegedly discriminatory action. Defendant, however, has not offered a non-discriminatory reason for its alleged action.

In its Reply, Defendant states that "[a]lthough Plaintiff was not terminated, even if the Court was to assume Plaintiff was terminated, that termination . . . was part of the alleged settlement of a dispute whereby Plaintiff entered into an agreement for his termination as part of a settlement, which included payment of $175,000.00 for

8

Plaintiff's stock in Lyra." Reply at 4. Defendant then concludes that "[t]he purported termination, as part of a contractual agreement that Plaintiff claims existed, has nothing to do with Plaintiff's disability." Id. Defendant, however, makes no effort to explain what the "dispute" was.

Without proffering a non-discriminatory reason for its action, Defendant has failed to prove that the dispute was over anything other than Defendant's desire to terminate Plaintiff because of Plaintiff's disability. In other words, the fact that the parties negotiated Plaintiff's departure from Lyra does not constitute a non-discriminatory reason for the allegedly discriminatory action.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment as to Count I of the First Amended Complaint [DE 48] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 21st day of January, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to all counsel of record on CM/ECF.